IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 5:05-CR-69-R |
| | )           5:21-CV-917-R |
| | ) |
| **RONALD ERIC BOYD** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

Before the Court is a pleading entitled "Motion to Set Aside Judgment" filed by Defendant Ronald Eric Boyd. Doc. No. 79. The Court construes this motion as Defendant's second motion pursuant to 28 U.S.C. § 2255. The Court previously denied a motion to vacate pursuant to 28 U.S.C. § 2255 on December 22, 2016. Doc. No. 67. Defendant's motion is a second or successive motion which the Court lacks jurisdiction to entertain because Defendant has failed to obtain authorization from the Tenth Circuit Court of Appeals. *See* 28 U.S.C. §§ 2244(b)(2)(A), 2255(h). *See also In re Pickard*, 681 F.3d 1201, 1203 (10th Cir. 2012).

Where, as here, the motion is filed without authorization, the Court may transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). "Where there is no risk that a meritorious

successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter ....." *Id.* To be meritorious, a successive claim must be based on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court or on newly discovered evidence establishing innocence. 28 U.S.C. § 2244(b)(2). A transfer is not in the interest of justice, because the instant motion relies on a case decided by the Tenth Circuit, not the Supreme Court, and the Tenth Circuit decided this case more than one year before the Defendant filed his motion, contrary to the statutory requirement. 28 U.S.C. §§ 2244(b)(2), 2255(f)(3).

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires this Court to issue or deny a certificate of appealability when it enters a final order adverse to defendant. *See also United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) ("[T]he district court's dismissal of an unauthorized § 2255 motion is a 'final order in a proceeding under section 2255' such that [28 U.S.C] § 2253 requires [defendant] to obtain a [certificate of appealability] before he ... may appeal."). To obtain a certificate of appealability, defendant must show both "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *U.S. v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Defendant cannot make the required showing.

Accordingly, the Defendant's Motion to Vacate is DISMISSED for lack of jurisdiction and a Certificate of Appealability is DENIED.

    IT IS SO ORDERED this 20th day of September 2021.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE